UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICHARD STEEN                                                                                              PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 3:21-CV-620-TSL-RPM

WARDEN HECTOR PORTILLO, ET AL.                                                     DEFENDANTS

**REPORT AND RECOMMENDATIONS**

I. BACKGROUND

Plaintiff Richard Steen ("Steen"), proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging conversion and failure to investigate on September 27, 2021. Doc. [1]. On August 30, 2022, the Court conducted a screening hearing. In his complaint, Steen argues that on June 9, 2021, another inmate obtained Steen's canteen order by deceitful means. Steen asserts that he never received the canteen purchase but was nevertheless required to pay for the transaction. Doc. [1], at 5. At the *Spears* hearing, Steen confirmed that another inmate misappropriated Steen's identity to obtain Steen's items. According to his testimony, Steen sued Defendant Warden Hector Portillo ("Portillo") for failing to investigate the matter and Defendant Annie Spinks ("Spinks") for being the commissary officer who distributed the goods.

II. DISCUSSION

a. Conversion claim

Steen brought this instant case under 42 U.S.C. § 1983, which provides a federal cause of action against every person who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To proceed with his case, Steen must allege that the defendants were acting "under color of state law." *Id*.

Steen alleges that another inmate took his property. Thus, his claim should fail because another inmate is not a state actor. *Smith v. Roberts*, 2015 WL 5530267, at *1 (N.D. Miss. Sept. 16, 2015); *Clary v. Roque*, 2009 WL 3386398, at *1 (S.D. Tex. Oct. 20, 2009) (citing *Hudson v. Hughes,* 98 F.3d 868, 873 (5th Cir.1996)). Additionally, even if Steen could establish the presence of a state actor, the claim should fail because the deprivation of property by state officials—whether negligent or intentional—does not violate the due process clause of the Fourteenth Amendment as long as adequate post-deprivation remedies exist. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The State of Mississippi provides at least three post-seizure remedies, "including actions for conversion, claim and delivery, and replevin, any of which plaintiff can use to recover property he claims was wrongfully taken from him." *Smith v. Woodall*, 2015 WL 9808777, at *5 (S.D. Miss. Oct. 28, 2015). Moreover, the Mississippi Department of Corrections' grievance procedure may constitute an adequate post-deprivation remedy, *see Hudson*, at 536 n.15, and the Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil [*in forma pauperis*] litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Because these remedies are adequate, Steen cannot state a violation of constitutional due process. *Lester v. Banks*, 2017 WL 1197827, at *8 (S.D. Miss. Mar. 31, 2017). Thus, Steen's claim against Defendant Spinks, the jail employee who distributed the goods, does not rise to a constitutional violation, and fails to state a claim.

b. Failure to investigate claim

Steen asserts that Portillo failed to investigate the misappropriated goods after Steen submitted a grievance concerning the event. At the *Spears* hearing, Steen testified that Portillo failed to resolve the grievance to his satisfaction. An inmate does not have "a federally protected liberty interest in having [prison] grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371,

374 (5th Cir. 2005) (per curiam). Since Steen alleges that Portillo violated his due process rights by failing to investigate the canteen matter, he "relies on a legally nonexistent interest [and] any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger*, 404 F.3d at 374. Steen's failure to investigate claim is meritless and should be dismissed. *Id*; *Williams v. Errington*, 2022 WL 368817, at *4 (S.D. Miss. Feb. 7, 2022).

## RECOMMENDATION

The undersigned recommends that Plaintiff Richard Steen's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed with prejudice for failure to state a claim.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which

there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 27th day of October 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE